# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

JOHN PANIAGUA,

    *Defendant.*

§
§
§
§
§
§
§
§
§

Civil Action No. 22-CV-1095-XR

## ORDER

On this date, the Court considered the motion for judgment on the pleadings filed by Plaintiff United States of America (the "Government") (ECF No. 7), Defendant John Paniagua's response in opposition to the motion and motion for a take-nothing judgment (ECF No. 8), and the Government's reply (ECF No. 10), as well as the parties' oral arguments at the status conference held on January 12, 2023. Although the parties filed separate motions, there is significant overlap among the arguments made in the motions and accompanying responses. Accordingly, the Court will address the motions together. After careful consideration, the Court issues the following order.

## BACKGROUND[1]

The United States Government commenced this suit against Defendant John Paniagua ("Paniagua") seeking a contribution claim arising from a personal injury suit originally litigated before Judge Royce Lamberth (hereinafter referred to as "*Paniagua I*"). *See Paniagua v. United States*, No. 5:18-CV-761-RCL, 2022 WL 95449 (W.D. Tex. Jan. 10, 2022).

---

[1] These facts are undisputed unless otherwise noted.

On July 24, 2018, John Paniagua and Juan Gabriel Ybarra filed suit against the United States under the Federal Tort Claims Act for an automobile accident involving a Postal Service truck. ECF No. 5-1 at 2. After a bench trial, Judge Lamberth found that the Government was 80% responsible for the accident and Plaintiff Paniagua, who was the driver of the automobile, was 20% responsible. ECF No. 5-2 at 2. Paniagua's damages award was reduced by 20%, proportional to his share of fault. *Id.* Because Plaintiff Ybarra was a passenger in Paniagua's car and bore no fault in the collision, his damages award was not reduced. *Id.*

After these findings, the Government filed a motion to amend judgment. ECF No. 5-1. In that motion, and for the first time in *Paniagua I*, the Government raised a right to a contribution claim against Plaintiff Paniagua for Ybarra's damages award. *Id.* at 6–7. Judge Lamberth, however, while correcting a clerical error in the amended judgment, dismissed the Government's argument with regard to a contribution claim. ECF No. 5-2 at 6–7. Importantly, Judge Lamberth held that, within the meaning of Texas's proportionate liability statute, "Paniagua [was] not a defendant, counter-defendant, or third-party defendant falling within the statute's ambit." *Id.* at 6. Judge Lamberth determined that Section 33.016 of the Texas Civil Practice & Remedies Code did not apply because Paniagua was not a defendant in that suit. *Id.*

Having been found jointly and severally liable, and more than 50% at fault for the collision, the Government paid Ybarra's entire damages judgment ($204,563.91) in May 2022, despite being only 80% responsible for Ybarra's damages. ECF No. 1 at 1.

The Government, in this new cause of action, now seeks contribution from Defendant Paniagua, as a joint tortfeasor under Texas's proportionate liability statute. Specifically, the Government seeks $40,912.78, or 20% of the total damages ($204,563.91) awarded to Ybarra that the Government paid to Ybarra in May 2022. ECF No. 7 at 5.

In this currently pending cause of action, Defendant Paniagua raises res judicata and collateral estoppel defenses, claiming this contribution issue was previously litigated and decided by Judge Lamberth in *Paniagua I*, and not subsequently appealed by the Government. Defendant Paniagua seeks a take-nothing judgment.[2] ECF No. 8.

Because Defendant Paniagua is now a contribution defendant within the definition of Texas's proportional liability statute, and because Judge Lamberth did not issue a ruling on the merits of the Government's contribution claim, the Court finds in favor of the Government and orders Defendant Paniagua to pay his share of Ybarra's damages.

## DISCUSSION

### I.  Legal Standard

####     a.  Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief;" and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true,

---

[2] Defendant Paniagua also seeks "sanctions for knowingly relitigating [a] claim[.]" ECF No. 8 at 5. The Court, finding no proper basis for imposing sanctions on the Government in this case, **DENIES** Defendant's motion as it relates to sanctions.

and the facts are to be construed favorably to the plaintiff. *Fernandez–Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### b. Take-Nothing Judgment

Paniagua includes a motion for a take-nothing judgment in his response to the Government's motion for judgment on the pleadings. ECF No. 8. Paniagua's motion is the logical inverse of the Government's motion, and therefore, the Court will review both motions, as well as the parties' arguments and evidence, together. *See Information Commc'n Corp. v. Unisys Corp.*, 181 F.3d 629, 632–33 (5th Cir. 1999) (reviewing a take-nothing judgment resulting from a motion for judgment as a matter of law).[3]

### II.    Analysis

The Government seeks $40,912.78, plus interest, from Defendant Paniagua as proportional contribution for the damages awarded to Ybarra in *Paniagua I*—a previously litigated case. $40,912.78 represents 20% of Ybarra's total judgment award. The Government paid the entirety of the amount as a joint and severally liable tortfeasor, despite being liable for only 80%.

### A. *Paniagua I* and Paniagua's Defenses

Texas Civil Practice & Remedies Code Section 33.016 creates a right to contribution claim which may be brought by a liable defendant against a contribution defendant. TEX. CIV. PRAC. & REM. CODE § 33.016. A liable defendant is "a defendant against whom a judgment can

---

[3] Texas state appellate courts have similarly applied the same standard of review as the motions that prompted the take-nothing result. *See, e.g.*, *Smith v. Elephant Ins. Serv., LLC*, No. 14-21-00100-CV, 2022 WL 17257604, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2022, no pet.) (likening a motion for directed verdict to a motion for judgment which resulted in a take-nothing judgment); *Preston State Bank v. Jordan*, 692 S.W.2d 740, 743–44 (Tex. App.—Fort Worth 1985) (applying the same standard of review for an instructed verdict during a jury trial to a take-nothing judgment).

be entered for at least a portion of the damages awarded to the claimant." *Id.* § 33.011(3). A contribution defendant is "any defendant, counterdefendant, or third-party defendant from whom any party seeks contribution with respect to any portion of damages for which the party may be liable, but from whom the claimant seeks no relief at the time of submission." *Id.* § 33.016(a). Section 33.016 further states:

> Each liable defendant is entitled to contribution from each *person* who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party *may* assert this contribution right against any such person as a contribution defendant *in the claimant's action*.

*Id.* § 33.016(b) (emphasis added).

The statute clearly grants liable defendants this right to contribution against any non-settling joint tortfeasor, not only those named as defendants in the claimant's action. *Id.*; *see also Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 831–32 (5th Cir. 1992); *Lopez v. Vaquera*, No. 12-CV-00427, 2013 WL 623567, at *13 (W.D. Tex. Feb. 19, 2013); *Werner v. KPMG LLP*, 415 F.Supp.2d 688, 706 (S.D. Tex. 2006) ("Section 33.016 applies when a defendant asserts contribution rights against others not sued by the plaintiff."). A liable defendant may name the contribution defendant in a subsequent action for the contribution claim. *See In re Martin*, 147 S.W.3d 453, 459 (Tex. App.—Beaumont 2004) (finding that "[t]he use of the word 'may' in the statute suggests the contribution claimant has discretion to assert the contribution right in the primary lawsuit." However, "nothing in the applicable provisions of Chapter 33 requir[e] a contribution claim be asserted in the primary lawsuit, or preclud[es] a post-judgment contribution claim against a joint tortfeasor"); *Pacesetter Pools, Inc. v. Pierce Homes, Inc.*, 86 S.W.3d 827, 833 (Tex. App.—Austin 2002).

While Ybarra did not sue Paniagua in *Paniagua I,* Paniagua is now a proper contribution defendant within the scope of Section 33.016's definition. *See Ross v. Kia Motors Corp.*, No. 5-cv-381, 2005 WL 3359750, at *2 (E.D. Tex. Dec. 9, 2005) (holding that the third-party defendant, despite having no claims asserted by plaintiffs against her, was properly considered a contribution Defendant under Section 33.016 and defendants in the case were therefore entitled to seek contribution from her).

Judge Lamberth found Paniagua 20% at fault for the accident and accordingly reduced his award by 20%. Judge Lamberth found in *Paniagua I* that Paniagua, as a plaintiff at that time, was not a defendant within the scope of Section 33.016. Judge Lamberth established Paniagua's 20% proportionate liability for Ybarra's damages, but because he was not a defendant within Section 33.016's definition, Judge Lamberth found that the Government did not have a right to contribution at that time. *See* ECF No. 5-2 at 6–7.

Since Paniagua in this case is now a named defendant, and Ybarra did not seek relief from Paniagua, although Paniagua was found partially liable, he does fall within the ambit of Section 33.016. The Government—as a liable defendant—may, at its discretion, assert its right to contribution in a new and separate cause of action, because contribution is not a compulsory counterclaim.[4] *See* TEX. CIV. PRAC. & REM. CODE § 33.016; *In re Martin*, 147 S.W.3d at 459; *Pacesetter Pools, Inc.*, 86 S.W.3d at 827.

The Government attempted to assert this right to contribution in *Paniagua I*, but Judge Lamberth found Section 33.106 was not applicable at that time, because Paniagua was a plaintiff,

---

[4] The Government is similarly not barred from seeking contribution in this suit because of its failure to appeal the *Paniagua I* judgment. The Court agrees with the Government's contention in its response that its decision not to appeal or allege "error" by the *Paniagua I* court is in alignment with Section 33.016. *See* ECF No. 10 at 2. There was no error committed by the *Paniagua I* court in holding that Paniagua, as a plaintiff in that case, was not a contribution defendant from which the Government could seek its right to contribution. The Government's decision to initiate a new lawsuit against Paniagua to now seek its contribution claim is therefore procedurally proper and permissible under Section 33.016.

not a defendant. This determination barred Judge Lamberth from ruling on the merits of the Government's contribution claim. However, Paniagua is now named a defendant in this new cause of action and is therefore properly considered by the Court to be a contribution defendant within the meaning of Section 33.016. Judge Lamberth did not issue a ruling on the merits of the Government's contribution claim, holding instead that such a claim was wholly inapplicable in the original *Paniagua I* suit. Finally, the Court notes that contribution claim did not actually accrue until after the final judgment was entered in *Paniagua I* and paid out by the Government in May 2022. For these reasons, Defendant Paniagua's res judicata and collateral estoppel defenses therefore fail.

### B.  The Government's Motion for Judgment on the Pleadings

As discussed above, Judge Lamberth in *Paniagua I* found Paniagua 20% liable and the the Government 80% liable. The Government paid the entirety of Ybarra's judgment, an outsized portion of their share of liability. Therefore, under Texas's proportionate liability statute, and Section 33.016 in particular, the Government may now seek a contribution claim against Paniagua.

The Government is entitled to contribution from Paniagua as a contribution defendant for his share of the Ybarra damages award. Ybarra's damages award was $204,563.91. 20% (Paniagua's share of liability) of that amount is $40,912.78. Therefore, the Court holds that Defendant Paniagua owes $40,912.78 in contribution to the Government, who paid the entirety of Ybarra's award in May 2022 and therefore paid a disproportionate share of liability.

Additionally, the Government is entitled to post-judgment interest from the date of this order pursuant to 28 U.S.C. § 1961(a) and Section 304.003 of the Texas Finance Code at a

judgment rate of 7.75%.[5] Pursuant to Section 304.103 of the Texas Finance Code, the Government is also entitled to pre-judgment. Finally, as the prevailing party, the Government is also entitled to the costs associated with instituting this suit. FED. R. CIV. P. 54(d)(1).

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (ECF No. 7) is **GRANTED** and Defendant's motion for a take-nothing judgment (ECF No. 8) is **DENIED**.

The Court concludes that Defendant Paniagua is a proper contribution defendant liable for 20% of Ybarra's damages. Accordingly, the Court finds that Plaintiff shall recover from Defendant Paniagua $40,912.78, equal to 20% of the damages awarded to Juan Gabriel Ybarra and paid by the Government in May 2022, plus pre-judgment and post-judgment interest and costs in accordance with this Order.

A final judgment pursuant to Rule 58 shall issue separately.

It is so **ORDERED**.

**SIGNED** this 10th day of April, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] Texas Credit Letter, Vol. 42, No. 37 (March 21, 2023), https://occc.texas.gov/sites/default/files/2023-04/credit-letters-2023.pdf (determining the effective judgement rate pursuant to Tex. Fin. Code § 304.003 to be 7.75% for the period 04/01/2023 through 04/30/2023).